IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DALE ELLINGTON                                                              PLAINTIFF

v.                        No. 4:23-cv-284-DPM

WESTLAKE FINANCIAL SERVICES
and POSH AUTOMOTIVE LLC                                          DEFENDANTS

ORDER

1. Dale Ellington traded in a Pontiac Bonneville and bought a used Mustang from Posh Automotive. He says that Westlake—a debt collector—has attempted to collect the money he owed Posh Automotive for the Mustang, but that neither Posh Automotive nor Westlake had title to the Mustang. He alleges that Westlake has tried to collect a debt it wasn't owed, reported him as delinquent to consumer reporting agencies, and made harassing phone calls to him. He also says that Posh Automotive stole his Pontiac Bonneville. Ellington has sued Westlake for violating the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Arkansas Deceptive Trade Practices Act, and for slander of credit. He has also sued Posh Automotive for alleged Fair Credit Reporting Act violations and for conversion. Westlake and Posh Automotive move to dismiss. Ellington wants to press forward and moves to amend his complaint again.

2. Ellington's motion to amend some of his claims is denied. The Fair Credit Reporting Act is clear that there is no private right of action for alleged violations of 15 U.S.C. § 1681s-2(a), the requirement that furnishers provide accurate information to credit reporting agencies. 15 U.S.C. § 1681s-2(c)(1); *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1010 (S.D. Iowa 2003). And Ellington's slander of credit and Arkansas Deceptive Trade Practices Act claims are preempted by the Fair Credit Reporting Act. 15 U.S.C. § 1681t(b)(1)(F); 15 U.S.C. § 1681h(e). Because amendment of all those claims would be futile, the motions to dismiss them are granted.

3. Ellington's motion to amend his remaining claims is granted. Fed. R. Civ. P. 15(a)(2). Ellington's proposed amendment pleads a plausible Fair Debt Collection Practices Act claim. He alleges that Westlake failed to verify the debt—the money he owed Posh Automotive for the Mustang—and lied about having title to the Mustang. 15 U.S.C. § 1692 *et seq.* And his proposed amendment provides more context for the conversion claim against Posh Automotive.

\* \* \*

Motion to amend, *Doc. 18*, partly granted and partly denied. Motions to dismiss, *Doc. 12 & 16*, partly granted and partly denied. Conforming amended complaint due by 3 November 2023.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 October 2023