IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DALE ELLINGTON                                             PLAINTIFF

v.                          No. 4:23-cv-284-DPM

WESTLAKE FINANCIAL SERVICES
AND POSH AUTOMOTIVE LLC                          DEFENDANTS

## ORDER

In January 2021, Dale Ellington bought a 2008 Ford Mustang from Posh Automotive under an installment contract.   Westlake Financial began servicing that contract in November 2021.   Ellington's sole remaining claims against Westlake are under the federal and state Fair Debt Collection Practices Acts.   The deep issue on those echoing claims is whether Ellington was in default before Westlake entered the picture.   Westlake says he wasn't.   It seeks summary judgment, pointing to a declaration from Westlake employee John Schwartz, its records, and the deposition of Posh's owner, Carissa Hill.   Ellington maintains that he was in default.   In a responding affidavit, he says he told a Posh salesman—"Peanut"—the month before Westlake took over the note that he wasn't making further payments, or keeping the car insured, until he got the title.   Contradicting Hill's deposition testimony, Ellington's sworn statement is that he told Hill the same things and she replied that he was in default.   Ellington wants to do

more discovery, dismiss Posh as a defendant, and file a third amended complaint.

*

Westlake's motion for summary judgment is denied without prejudice as a bit early in the circumstances.   Fed. R. Civ. P. 56(d). Discovery is ongoing;   and the dispositive motion deadline isn't until June 2025.   Ellington is entitled to pursue discovery to flesh out the material facts, and see if a genuine dispute actually exists, about whether he was in default when Westlake Financial began servicing this debt.

Ellington's motion to amend is granted as modified and specified. The request is not belated.   The deadline for proposing amended pleadings is more than a month away.   And leave to amend should be freely given when justice requires.   Fed. R. Civ. P. 15(a)(2).

First, the Court is not persuaded that Ellington's shifting theories of liability show bad faith or undue delay.   He still maintains that he told the Posh folks he wasn't paying.   The no-insurance facts are new, as Westlake emphasizes, and may or may not make a legal difference under the parties' agreement.   That issue needs development. And Ellington's lawyers are entitled to respond to the developing record with creative efforts.

Second, Ellington must substantially revise his proposed amended complaint before filing it.   Claims contrary to this Court's

earlier rulings would be futile. *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010*)*. Slander of credit and FCRA claims, plus recission, are out of the case. (The Court didn't see any repeated ADPTA claim, which was also dismissed in the Court's prior Orders.) The passing reference to fraud fails to state a claim, lacking the required factual particulars. Fed. R. Civ. P. 9(b). Ellington seeks punitive damages, which are not mentioned in the federal or state statutes. 15 U.S.C. § 1692k; ARK. CODE ANN. § 17-24-512(a). Westlake cites non-binding precedent here, but the availability of punitives is an open question in the Eighth Circuit and under Arkansas law. *Compare Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *Desmond v. Phillips & Cohen Associates, Ltd.*, 724 F. Supp. 2d 562, 563 n.1 (W.D. Pa. 2010). So the punitive damages request can stay in for now. Last, while more details about the allegedly harassing calls would be helpful, and Ellington is encouraged to add them, the Court does not believe their absence undermines this part of his claim at this point.

Third, the Court reminds Ellington's lawyers of the Final Scheduling Order's requirements for proposed amended pleadings. *Doc. 46 at 2.* Had that drill been followed, it likely would have revealed many of these defects and saved all of us time and effort.

*

Unopposed motion to dismiss, *Doc. 55*, granted. All claims against Posh Automotive LLC are dismissed without prejudice.

- 3 -

Posh is no longer a defendant.   Motion for summary judgment, *Doc. 49*, denied without prejudice.   Motion to stay response time, *Doc. 52*, denied as moot.   Cleaned-up third amended complaint due by 11 October 2024.   Given the ground covered in this Order, and in the Orders on the many prior motions to dismiss, the Court encourages an answer and motion for summary judgment in due course rather than another stand-alone motion to dismiss.

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

*27 September 2024*

- 4 -